THERESA LYNCH, Appellant, v. THE FIRST NATIONAL BANK OF NEW JERSEY, Respondent.

*Check drawn to the order of the maker and delivered by him unindorsed — what acts show an assignment of a part of the deposit of the maker.*

In an action brought by the holder of a certified check drawn by F. F. Wilder to his own order, bearing date the 1st day of June, 1883, upon the defendant for the sum of $500, which was delivered to the plaintiff by the drawer, but not indorsed, it appeared that the drawer of the check desired to purchase certain merchandise of the plaintiff, which the plaintiff agreed to sell him for $500, and brought out a check drawn on a bank in Jersey city. The plaintiff stating that she did not know whether to take it or not the drawer said: " It is all right, you can send your son to Jersey City now and get the money; " and the son saying that he could not go the drawer said: " Well, it is just as good as money; the check is certified; it is as good as money; all that you have to do is to take the check and go and get the money."

*Held,* that as the intention of a party was to be arrived at from his acts, and the expressions accompanying the acts, it might be fairly deduced from the fact of Wilder giving this certified check, and making the statements that he did, that it was his intention to confer upon the plaintiff the title to $500 of the money which he had on deposit, and that that question should have been decided by the court or jury.

Appeal from a judgment in favor of the defendant, tried at the New York Circuit without a jury, which was entered in the office of the clerk of the city and county of New York on November 9, 1888.

*A. Kling,* for the appellant.

*Hamilton Wallis,* for the respondent.

Van Brunt, P. J.:

The plaintiff in this action is the holder of a certified check drawn by one F. F. Wilder, bearing date 1st of June, 1883, upon the defendant for the sum of $500 to his own order, which was delivered to the plaintiff by the drawer, but not indorsed. An action having been brought by the plaintiff upon the check against the bank, it was held that a recovery could not be had although an action might be maintained against the defendant if the plaintiff could show an assignment of a part of the deposit belonging to the drawer of the

check. The complaint was amended so as to bring in this additional proof, and the evidence in the case showed the circumstances under which the check was given. It appears that the drawer of the check desired to purchase certain merchandise of the plaintiff which she agreed to sell him for $500. The drawer of the check then brought out a check on the bank in Jersey City, and the plaintiff stating that she did not know whether to take it or not, for although she had seen him several times she did not know him very well, he said "It is all right; you can send your son to Jersey City now and get the money." The son said he could not go then; the drawer said "Well, it is just as good as money. The check is certified; it is as good as money. All that you have to do is to take the check and go and get the money."

It must be conceded that if the learned court below had found upon this evidence that the drawer of the check had never assigned or transferred any part of the balance due to him from the defendant to the plaintiff, that this would have been an end of the action. But there is no such finding, the finding being that said Wilder, the drawer of the check, never otherwise assigned or transferred the balance owing to him from said bank or any part thereof to the plaintiff. This brings up the question whether an inference that there was intended to be an assignment may be drawn from the evidence in question. If such inference can be drawn, then the learned court was bound to find either that there had or had not been an assignment, or if the case was tried by a jury, it must be submitted to the jury and their verdict taken upon the point.

It is urged, upon the part of the respondent, that no such inference can be drawn from the evidence, and that the language used does not fairly import any intention to assign any portion of the fund in bank, but that it related rather to the validity of the check, and the ease with which the plaintiff could procure payment thereof.

The question as to whether there was a setting apart and a transfer of the title to a portion of the deposit of Wilder, the drawer of the check, with the defendant, depends upon his intention at the time of the giving of this check. An assignment need not be in express words. It may be by parol, and it requires no writing. Therefore, if it can be deduced from the evidence in this case that there was an intention to transfer and assign over to the plaintiff

the $500 in the bank represented by this check, then an assignment was made out and a right of action accrued to the plaintiff. In the case of *Risley* v. *The Phenix Bank* (83 N. Y., 318), where an assignment by parol was sought to be upheld, it is true that the plaintiff swore to the oral assignment, but the decision did not depend upon that evidence entirely. In fact, the principles laid down in that case show that where there is an intention to assign a thing in action, which might be deduced from the transaction itself, that the title thereto is transferred to the assignee. The court held that an assignment of an account might be made without writing or delivery of any written statement of the claim assigned so as to vest in the assignee a right to proceed in his own name for the recovery of the debt, provided only that the assignment is founded upon a valid consideration between the parties. And various other cases are cited showing under what circumstances assignments may be established, and by what evidence they may be maintained; and in one case delivery of an execution was held to be a good equitable assignment of a judgment.

Therefore, when, under the circumstances appearing in this case, the certified check in question was given, if it was the intention of Wilder to transfer the title of so much of that deposit as was represented by that certified check, a good assignment is established through which this action may be maintained. Now, as the intention of the party is to be arrived at from his acts and expressions accompanying the acts, why may it not be fairly deduced from the fact of Wilder giving this certified check and making the statements which he did, that it was his intention to confer upon the plaintiff the title to $500 of the money which he had on deposit.

It seems to me that such an inference may be drawn, and although the contrary inference might obtain, yet still, until it is found by the trial court or by a jury that there was no assignment, there is no such finding upon this evidence as to preclude the plaintiff from claiming that the contrary inference may be drawn. The finding, as already stated, that Wilder did not otherwise assign, is not a finding upon the facts, that he did not intend to assign, and if he had the intention to assign, then by the acts which he did, he did assign.

I think, therefore, that there is no sufficient finding to justify the conclusion at which the learned court below arrived, and that the

judgment must be reversed and a new trial ordered, with costs to appellant to abide the event.

Brady and Bartlett, JJ., concurred.

Judgment reversed and new trial ordered, with costs to appellant to abide event.